NO. 07-00-0439-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 8, 2001

_____

VICTOR L. JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;

NO. 838752; HONORABLE ELSA ALCALA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Victor L. Jackson pled guilty to the offense of aggravated robbery and, on July 31, 2000, was sentenced to ten years confinement in the Institutional Division of the Department of Criminal Justice. He gave timely notice of appeal from his conviction.

Appellant's appointed counsel has now filed an *Anders* brief in support of a motion to withdraw in which she states that, after reviewing the entire appellate record, she is convinced no reversible error exists and the appeal is without merit. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has provided appellant with a copy of the brief and informed him that he has a right to review the record and file a pro se brief if he so desires. Appellant has indicated to this court that he desires to file a brief and was given until April 30, 2001, to do so. Appellant has now filed a motion for extension of time indicating that the court clerk has refused to furnish him with a copy of the record and he cannot file a brief without that record. He has also attached a copy of a notification from the Harris County District Clerk that his request to obtain the record was denied.

It is the duty of the trial court to provide an indigent defendant with an adequate record on appeal. *Newman v. State*, 937 S.W.2d 1, 3 (Tex.Crim.App. 1996); *Snoke v. State,* 780 S.W.2d 210, 212 (Tex.Crim.App. 1989). Given that appellant has expressed his desire to file a pro se brief but asserts that he has been unable to obtain a copy of the record, we believe a hearing should be held as provided in Texas Rule of Appellate Procedure 38.8(b)(3). Accordingly, the appeal is abated and the cause remanded to the 338th District Court of Harris County.

Upon remand, the judge of the trial court shall immediately cause notice to be given and to conduct a hearing to determine what steps need to be taken to facilitate and ensure

the provision of an appellate record to appellant. The court should also determine if any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than June 8, 2001.

It is so ordered.

Per Curiam

Do not publish.